UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER R. REID,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BARRY GREEN,<br><br>　　　　　　Defendant. | Case No.   1:22-cv-00549-ADA-EPG (PC)<br><br>ORDER OVERRULING IN PART DEFENDANT'S OBJECTION TO PRODUCTION OF DOCUMENTS<br><br>(ECF No. 39) |

Plaintiff Walter R. Reid is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 23). The case is proceeding on Plaintiff's Eighth Amendment claim against Defendant Green for deliberate indifference to his serious medical needs. (ECF Nos. 23, 24).

**I.   BACKGROUND**

The Court recently opened discovery on September 11, 2023. (ECF No. 34). To secure the just, speedy, and inexpensive disposition of this action, the Court directed parties to exchange certain documents, including "[w]itness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s)." (ECF No. 33, at 2.) The Court cited Supreme Court precedent stating that "proper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event

1

giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved." *See Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006). (*Id.*)

Now before the Court is Defendant's Objection to Production of Documents, filed on November 13, 2023. (ECF No. 39). Defendant objects to production of five documents generated from California Correctional Health Care Services' investigation into the event at issue in the complaint. (*Id.* at 2). In support, Defendant cites California Code of Regulations Title 15, section 3999.231(f)(4)(A), which provides that confidential inquiry reports shall not be released to inmates. (*Id.*) Defendant also claims that the documents are protected under the official information and deliberative process privileges. (*Id.*) Defendant submitted these five documents for *in camera* review. (ECF No. 40).

Having reviewed these documents, the Court finds that Defendant's objection based on privilege is overruled solely as to parts of the document titled Staff Complaint, Confidential Inquiry Report (PRIV002–PRIV003).

## II. LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Questions of privilege in federal civil rights cases are governed by federal law. Fed. R. Evid. 501; *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976).

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted). The Ninth Circuit has since followed *Kerr* in requiring in camera review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g.*, *Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by *Kerr*, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr*, 426 U.S. at 406; *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–

34 (9th Cir. 1990) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.")

The deliberative process privilege permits the government to withhold discovery that "reflect advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and polices are formulated." *Hongsermeier v. C.I.R.*, 621 F.3d 890, 904 (9th Cir. 2010) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). To qualify for protection under the deliberative process privilege, the requested discovery "must be both (1) 'predecisional' or 'antecedent to the adoption of agency policy' and (2) 'deliberative,' meaning 'it must actually be related to the process by which policies are formulated.'" *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988) (quoting *Jordan v. United States Department of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978)). Factual material that does not reveal the deliberative process is not protected by the privilege. *Id.*

### III. ANALYSIS

The Court has reviewed the documents provided for internal review. The Court agrees with Defendants that the internal evaluations of the incident are subject to the official information privilege in that they are internal confidential evaluations of the incident here. Such internal evaluations are not direct evidence of what occurred. They are third-party opinions about that incident, applying different rules and legal standards than applicable in this court, and have little if any relevance in this case.

However, the Court disagrees regarding the actual witness interviews summarized as part of the Staff Complaint, Confidential Inquiry Report. Specifically, within that report, at pages PRIV002–003, Defendant has summarized three interviews of witnesses to the underlying events. These summaries are relevant and probative to this lawsuit because they contain personal observations of what happened in that incident. They include summaries of the incident from the Plaintiff and Defendant. Their disclosure would promote the truth-finding process because they contain details of the parties' actions and statements recorded close to the time that the relevant events occurred. *See Woodford*, 548 U.S. 94–95.

Moreover, the purported security risks do not appear to be implicated by these three witness summaries. Defendant claims that "an inmate could harass staff by displaying or discussing documents containing unfounded allegations against a CDCR staff member" and "substantially undermine staff's ability to control violent disturbances effectively, and with minimal force." (ECF No. 39 at 2). However, Plaintiff himself made this complaint and filed grievances also discussing same allegations.  Defendant's assessment of the risk in production is not credible as it applies to the brief summaries of witness interviews here.

### IV.    CONCLUSION

Accordingly, Defendant's objection based on privilege is overruled solely as to the document titled Staff Complaint, Confidential Inquiry Report, PRIV002–003. The Court orders Defendant, by December 6, 2023, to disclose this document to the Plaintiff. Additionally, Defendant may redact the portion of the document labelled "Findings" and "Conclusion" from this document, because those internal evaluations are not relevant and may be withheld pursuant to the official information privilege.

IT IS SO ORDERED.

Dated:   **November 21, 2023**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE