UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER R. REID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARRY GREEN,<br><br>　　　　　Defendant. | Case No.　1:22-cv-00549-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR MISCELLANEOUS RELIEF<br><br>(ECF No. 43) |

Plaintiff Walter R. Reid is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 23). The case is proceeding on Plaintiff's Eighth Amendment claim against Defendant Green for deliberate indifference to his serious medical needs. (ECF Nos. 23, 24). Before the Court is Plaintiff's filing dated November 20, 2023, and docketed with this Court on November 27, 2023 (ECF No. 43.) For the reasons stated below, Court denies requested relief.

**I.　FIRST MOTION**

The first motion in the filing is titled "Plaintiff's Notice and Motion for Objection to In Camera hearing; and Motion to Renew Recommendation for Pro Bono Counsel." (ECF No. 43, at 1). In this Motion, Plaintiff "objects to defendants in camera hearing request if its purpose is being used to weigh evidence and the drawing of legitimate inferences because a defendant moving summary judgment has the burden of showing that there is no genuine issue of material fact." (*Id.*) Plaintiff urges the Court to "examine whether defendant has prior suits similar to the

1

same claims made by plaintiff" and attaches a discovery response detailing those suits. (*Id.* at 2). Finally, Plaintiff argues that "without the appointment of counsel under exceptional circumstances pursuant to 28 U.S.C. § 1915(d),[1] defendant's exercising of confidential privilege may be wholly fallacious." (*Id.*)

The Plaintiff appears to have misunderstood Defendant Green's request for in camera review (ECF Nos. 39, 40) of the five documents Green objected to producing in response to Court's Order to Exchange documents (ECF No. 33) as a request for an in camera *hearing* on a motion for summary judgment. As detailed in the Court's order related to Defendant's objection (ECF No. 42), the Court conducted in camera review of the documents strictly on the issues of privilege and not for purposes of weighing evidence or drawing any inferences; the review was entirely unrelated to the motion for summary judgment.[2]

The Court also declines Plaintiff's invitation to examine eleven cases cited in the Defendant's discovery response because it is not clear what legal argument the Plaintiff is making here or how these suits—even if any of them contain similar claims, as the Plaintiff argues—are relevant to the Defendant's objection based on privilege.

To the extent that Plaintiff's motion can be construed as renewal of his request of pro bono counsel, Plaintiff again fails to offer any argument in support of his motion. (ECF No. 43, at 2.) From the included exhibits, it appears that Plaintiff is able to engage in discovery and obtain meaningful responses without assistance of counsel. (ECF No. 43, at 4.) A routine discovery objection by the Defendant does not indicate the presence of complex legal issues warranting a finding of exceptional circumstances in which the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998) (holding that while the appellant might have fared better with counsel during discovery, this is not the test)). Moreover,

---

[1] The Court will assume that Plaintiff meant 28 U.S.C. § 1915(e), since § 1915(d) has been renumbered to § 1915(e) and it is currently § 1915(e)(1) that allows the Court to "request an attorney to represent any person unable to afford counsel."

[2] To the extent Plaintiff wishes to challenge Defendant's assertion of privilege raised in the Declaration of V. Pham (ECF No. 43, at 14–17), Plaintiff is reminded to follow the Court's scheduling order, which provides that "claims of privilege may be challenged via a motion to compel." (ECF No. 34, at 4).

2

§ 1915(e)(1) explicitly limits appointments of counsel only to cases where a person is "unable to afford counsel." Plaintiff is not proceeding *in forma pauperis* in this action because at the time of filing this suit, he had approximately $90,000 in an Individual Retirement Account. (ECF No. 9, at 2; ECF No. 10).

Because the Court has not held and does not intend to hold any in camera hearings on a motion for summary judgment and because the Plaintiff does not meet the requirements of § 1915(e)(1) for appointment of counsel, the Court denies Plaintiff relief requested in this motion.

## II.  SECOND MOTION

In the same filing, Plaintiff also included a second motion titled "Plaintiff's Motion for Permission to Depose Non-Parties by Telephone; And Permissive Joinder." (ECF No. 43, at 5.) In this motion, Plaintiff asks for Court's permission "to depose non-parties Angarra, Kandhkorova, and Thomas." (*Id.*) Plaintiff argues that "[t]he prison Litigation Coordinator V. Pham refuses to process plaintiff's legal papers for setting up a audio visual (Zoom) deposition conference." (*Id.*) Plaintiff then states that "[p]ermissive joinder is allowed pursuing to Fed. R. Civ. P 20 (2)(A)(B)(3)."[3] Plaintiff concludes with "should grant his motion Pursuant to Fed. R. Civ. P. 30 (B)(1)(3)(A)(B)(4)[4] otherwise discovery would be lost (see, Ex. A)." The enclosed Exhibit A includes of Plaintiff's Inmate Request for Interview forms addressed to Notary Cornell and litigation coordinator V. Pham, a list of questions that Plaintiff wants to pose to the witnesses, and a declaration of V. Pham in support of objection to discovery. (ECF No. 43, at 8–17).

Federal Rule of Civil Procedure 30 on depositions by oral examination, as well as the Court's Scheduling Order (ECF No. 34), require that in addition to naming the person to be deposed, Plaintiff must also provide the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of that cost. (ECF No. 34, at 2–3.) Both the Rule and the Court's Order make it clear that Plaintiff bears the responsibility to name a court reporter who would be transcribing the deposition prior to noticing the deposition and filing the motion. This Court previously reminded

---

[3] It is not clear what relevance this Rule on joinder of parties has to a motion to depose non-parties. Further, this subsection does not exist.

[4] While Rule 30 governs oral depositions, this particular subsection does not exist.

the Plaintiff of his responsibility to make arrangements for the deposition with the court reporter and availability of other means of discovery if he is unable to do so. (ECF No. 36). It appears that the litigation coordinator relayed the same message to the Plaintiff in response to at least one of his Requests for Interview: "you just need a court reporter. You will have to seek out yourself to find a court reporter to agree on the cost and willing to be part of the deposition. Other than that, you need to provide the courts all that information they request." (ECF No. 43, at 10).

Plaintiff's motion does not comply with the requirements of either Rule 30 or this Court's Scheduling Order. It fails to identify the court reporter who will take the deposition, the estimated cost, or the source of funds. Likewise, Federal Rule of Civil Procedure 31, which allows deposition by written questions, requires the Plaintiff to send out a notice of deposition that identifies (a) the deponent, (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. It also still requires that the Plaintiff make arrangements with a court reporter. "If plaintiff wants to depose defendant on written questions, plaintiff needs to set up such a deposition, **arrange for a court reporter** and arrange for the attendance of the witness. It is not defendant's obligation or the court's obligation to do so." *Harrell v. Jail*, No. 2:14-cv-1690, 2015 WL 8539037, at *2 (E.D. Cal. Dec. 11, 2015) (emphasis added) (quoting *Lopez v. Horel*, No. 06-4772, 2007 WL 2177460, at *2 (N.D. Cal. July 27, 2007)). As one Court noted when outlining how Rule 31 works, "[t]he deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not:"

> The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness. When all the questions—without any answers—are ready, the prisoner would send them to the deposition officer and the officer would take the deposition of the witness. (The deposition officer can be any person

4

>authorized by law to administer oaths, *see* Fed. R. Civ. P. 28(a), such as a notary public and need not be a court employee.) The questions are read by the deposition officer, **the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition.** The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the prisoner and defendant. To depose a non-party on written questions, that witness must be subpoenaed. To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings.

*Lopez*, 2007 WL 2177460, at *2, n.2. Here, as in *Harrell* and *Lopez*, Plaintiff has not made arrangements with the court reporter. To the extent Plaintiff's Request to Interview Notary Cornell (ECF No. 43 at 8) can be construed as an attempt to designate a deposition officer, there does not appear to be an assent to this arrangement by the Notary nor is it sufficient to meet the requirements of Rule 31 even if there was an agreement. The deposition officer merely reads the questions; a court reporter is still required to record the responses.

In sum, Plaintiff has not met either the Rule 30 or the Rule 31 requirements. As this Court repeatedly told the Plaintiff, it is his responsibility to make arrangements with the court reporter to take a deposition. (ECF Nos. 34, 36). Plaintiff can proceed with discovery by other means, such as written interrogatories, requests for production, or requests for admission. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 n.1 (9th Cir. 1988) (a pro se prisoner may not have the means to conduct discovery such as taking depositions, but she is entitled to an opportunity to serve interrogatories or request documents). These other means of obtaining discovery are also discussed in the Court's scheduling order. (ECF No. 34).

For these reasons, the Court denies Plaintiff relief requested in this motion.

### III.  CONCLUSION.

The Court denies the Plaintiff relief requested in his filing dated November 20, 2023. (ECF No. 43).

Before filing any future motion for discovery, Plaintiff is directed to review this order, the Court's scheduling order (ECF No. 34), and ensure that he complies with the requirements of Federal Rule of Civil Procedure and the Court's Local Rules. Future motions that do not comply

with these rules or fail to present specific, cogent arguments for Court's consideration, may be summarily denied.  *United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006).

IT IS SO ORDERED.

Dated:  **November 28, 2023**                    /s/ *Erica P. Grosjean*
                                                                              UNITED STATES MAGISTRATE JUDGE