UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER R. REID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARRY GREEN,<br><br>　　　　　Defendant. | No. 1:22-cv-00549-KES-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 41, 57 |

Plaintiff Walter Reid is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case proceeds on plaintiff's Eighth Amendment claim against defendant Green for deliberate indifference to his serious medical needs. Docs. 23, 24. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 21, 2023, Green filed a motion for summary judgment. Doc 41. Green argued that (1) there was no evidence that he was deliberately indifferent to plaintiff's medical condition on October 17, 2021, (2) plaintiff lacked evidence to support a claim for punitive damages, and (3) Green was entitled to qualified immunity. *Id.* at 8–13. Plaintiff filed an opposition to the motion on December 11, 2023. Doc. 49. Green filed a reply on December 14, 2023. Doc. 50. On July 1, 2024, the assigned magistrate judge issued findings and recommendations, recommending that Green's motion for summary judgment be denied.

1

Doc. 57. Specifically, the magistrate judge found that there were genuine disputes of material fact as to whether plaintiff was in acute pain, whether plaintiff did in fact have an infection when Green declined to examine plaintiff or provide further pain medication, and whether plaintiff's "condition at that time did require additional pain medication." *Id.* at 10, 11. The magistrate judge also found that "a reasonable jury could find that Defendant Green acted with callous indifference to Plaintiff's medical condition," and summary judgment on plaintiff's claim for punitive damages should therefore be denied. *Id.* at 14. Finally, the magistrate judge concluded that Green is not entitled to qualified immunity, finding that "[i]t is clearly established that a failure to respond to Plaintiff's pain constitutes deliberate indifference to serious medical needs." *Id.* at 14–15 (citing *Johnson v. Patel*, No. CV 14-1598-RGK KK, 2015 WL 3866226, at *24 (C.D. Cal. June 18, 2015)).

The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within thirty days after service, and that any response to the objections were due within fourteen days after service of any objections. *Id.* at 15. Green timely filed objections and plaintiff timely responded to Green's objections. Docs. 58, 59.

In the objections, Green argues that he did provide pain medication to plaintiff, just not the particular medication that plaintiff wanted. Doc. 58 at 3. According to Green, this case is about a different of medical opinion, which is not sufficient to support a claim of deliberate indifference. *Id.* at 3–5. Green also argues that the magistrate judge erred by considering medical records from the day after Green examined plaintiff, because records from the relevant day indicate that plaintiff had no infection. *Id.* at 5–6. Finally, Green argues that he is entitled to qualified immunity because in this case, unlike in *Johnson*, plaintiff did receive some pain relief. *Id.* at 6–8.

In his response to Green's objections, plaintiff argues that a reasonable jury could find that Green was aware that plaintiff was experiencing pain and intentionally chose to ignore it. Doc. 59 at 5. Plaintiff emphasizes that Green failed to examine him to determine whether the catheter may have been affecting him internally. *Id.* at 6–8. Plaintiff provides a statement of disputed factual issues and his own declaration in support of the position that the findings and

recommendations should be adopted. *See generally* Doc. 59.

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, including defendant's objections and plaintiff's response, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

To the extent the objections raise the same issues and arguments that were already considered and rejected by the magistrate judge, Green has not identified any error of law or fact, nor has he raised any new or persuasive grounds to warrant departure from the magistrate judge's well-reasoned analysis.

Green's reliance on *Jackson v. Multnomah Cnty.*, No. 3:12-CV-00764-SI, 2013 WL 428456 (D. Or. Feb. 4, 2013), for the proposition that the clearly established law applicable to this case is that "differences of opinion between a doctor and a prisoner over the appropriate medication to be prescribed does not implicate the Eighth Amendment" is not persuasive. In that case, the plaintiff "was seen repeatedly by nurses, medical assistants, and nurse practitioners and was also seen by an orthopedic specialist. He was given multiple xrays. The examinations and x-rays were negative. Despite the negative results, based on his representations of his symptoms," the plaintiff "was provided with non-narcotic pain medication, a cane, a knee brace, and additional diagnostic examinations." *Jackson*, 2013 WL 428456, at *6. As noted in the findings and recommendations, plaintiff's contention in this case "is that Green should have examined him or inquired further before dismissing his request, and that the examination would have revealed a need for Tylenol 3" to address plaintiff's pain. Doc. 57 at 10, 14–15. While Green failed to examine plaintiff, when a doctor examined plaintiff the following day the doctor found that he was suffering from an infection and immediately prescribed the heightened pain medication. *Jackson* is therefore distinguishable.

Next, Green's argument that the findings and recommendations improperly considered evidence of plaintiff's infection on October 18, 2021, when Nurse Angara noted the previous day that there were no signs of skin infection to the catheter, is also unpersuasive. That evidence is probative of whether plaintiff's complaints of pain on October 17, 2021, reflected an emergent

3

and serious medical condition that required treatment. The magistrate judge did not err in considering subsequent medical findings by a doctor within the following 24 hours as circumstantial evidence bearing on the seriousness of plaintiff's condition at the time that Green failed to examine him, and as bearing on whether Green's earlier failure to treat constituted deliberate indifference to plaintiff's serious medical needs. *See Jett v. Penner*, 439 F.3d 1091, 1097–98 (9th Cir. 2006) (considering radiology report and summaries made subsequent to the plaintiff's thumb fracture which "clearly indicate[d], because the fracture did not align upon healing, [that] the thumb was deformed; [and that] this deformity was inferentially caused by the delay in referring him to an orthopedist who could have properly set and cast his fractured thumb."). Moreover, while Nurse Angara's notation arguably supports a finding that plaintiff did not have any *external* signs of infection on October 17, 2021, it does not address whether plaintiff had an *internal* infection. Whether plaintiff's infection, which was documented by a doctor the following day, was also present the day earlier is one of the material factual disputes that the findings and recommendations correctly identified and that preclude granting Green's motion for summary judgment. Doc. 57 at 10, 11. In sum, Green has identified no basis to undermine the findings and recommendations.

Accordingly:

1. The findings and recommendations issued on July 1, 2024 (Doc. 57), are adopted in full;
2. Grenn's motion for summary judgment (Doc. 41) is denied; and
3. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

   Dated:   September 1, 2025                           _____
                                                        UNITED STATES DISTRICT JUDGE