UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER R. REID,<br><br>           Plaintiff,<br><br>      v.<br><br>BARRY GREEN,<br><br>           Defendant. | 1:22-cv-00549-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT BE DENIED<br><br>(ECF No. 62)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Walter R. Reid (Plaintiff) is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his initial complaint on April 26, 2022. (ECF No. 1). Following discovery and summary judgment, the case proceeds on plaintiff's Eighth Amendment claim against defendant Green for deliberate indifference to his serious medical needs. (ECF Nos. 23, 24).

On April 4, 2025, while Defendant Green's motion for summary judgment was pending, Plaintiff filed a motion for leave to file a second amended complaint. (ECF NO. 62). Plaintiff seeks to add defendants John and Jane Does 1-30, including the Chief Medical Officer, as defendants based on their involvement as supervisors of the prison's medical department. Plaintiff also seeks to add a claim for violation of due process against all defendants.

Upon review, the Court recommends that Plaintiff's motion for leave to file a second amended complaint be DENIED.

1

## I. BACKGROUND

### A. Screening of Plaintiff's Previous Complaint

Plaintiff filed his initial complaint on April 26, 2022. (ECF No. 1). On January 23, 2023, the Court screened Plaintiff's complaint and found that the case should proceed solely on Plaintiff's Eighth Amendment claim against Defendant Green for deliberate indifference to Plaintiff's serious medical needs. (ECF No. 15). The screening order explained that Plaintiff's complaint failed to state a cognizable claim against the supervisor of the prison's medical department and also failed to state a cognizable claim against any defendant for violation of due process.

Specifically, the screening order found that Plaintiff had not alleged facts to state a claim against Defendant Jason Nash, whom Plaintiff alleged "oversees the medical system at Avenal State Prison." (ECF No. 1, at p. 3). Citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009), the screening order found that "supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. As Plaintiff includes no factual allegations regarding defendant Nash, Plaintiff fails to state a claim against defendant Nash." (ECF No. 15, at pp. 7 and 10).

Further, the screening order found Plaintiff failed to allege facts sufficient to state a due process violation claim because "Plaintiff alleges that he should have received immediate care, but Plaintiff does not identify any process that he should have been provided before being deprived of a liberty interest. Accordingly, Plaintiff fails to state a Fourteenth Amendment due process claim based on his allegations that he was not immediately provided with medical care." (ECF No. 15, at p. 12). Plaintiff was granted leave to amend.

On February 21, 2023, Plaintiff filed his response to the Court's screening order and stated that he wanted to stand on his complaint and have it reviewed by a district judge. (ECF No. 16). Accordingly, on February 23, 2023, the Court issued findings and recommendations to the district judge consistent with the screening order. (ECF No. 18). On March 23, 2023,

1  Plaintiff filed a motion for an extension of time to file a First Amended Complaint solely
2  against Defendant Green.  (ECF No. 21).  The Court granted Plaintiff's motion and vacated the
3  February 23, 2023, findings and recommendations.  (ECF No. 22).
4      On April 3, 2023, Plaintiff filed his First Amended Complaint solely against Defendant
5  Green.  (ECF No. 23).  The Court found Plaintiff's single claim should proceed past screening,
6  and ordered service of Plaintiff's First Amended Complaint on Defendant Green.  (ECF No.
7  24).

### B.   Case Proceeds Against Defendant Green

9      The case has proceeded against Defendant Green since that time.
10     On September 11, 2023, the Court issued a scheduling order opening discovery and
11 scheduling the case through dispositive motions.  (ECF No. 34).  Under the scheduling order,
12 non-expert discovery closed on May 8, 2024, and dispositive motions were due on June 7,
13 2024.  (*Id*. at pp. 5-6).
14     On November 21, 2023, Defendant Green filed a motion for summary judgment.  (ECF
15 No. 41).  Plaintiff filed his opposition on December 11, 2023, and Defendant Green filed his
16 reply brief on December 14, 2023.  (ECF Nos. 49 and 50).  On July 1, 2024, the Court issued a
17 findings and recommendation recommending that Defendant Green's motion for summary
18 judgment be denied.  (ECF No. 57).
19     On September 2, 2025, the presiding district judge issued an order adopting the findings
20 and recommendations in full and denying Defendant Green's motion for summary judgment.
21 (ECF No. 66).

## II.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND

23     On March 20, 2025, Plaintiff filed a document titled "First Amended Prisoner Civil
24 Rights Complaint."  (ECF No. 60).  On March 21, 2025, the Court issued a minute order
25 striking Plaintiff's filing because Plaintiff did not have leave of the court or a stipulation to
26 amend his complaint, and because Plaintiff is already proceeding on his first amended
27 complaint.  (ECF No. 61).

On April 4, 2025, Plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 62). In his motion, Plaintiff briefly asserts that he has not delayed in presenting the proposed second amendment, that Defendants will not be prejudiced by the amendment, and the proposed amendment is not futile. (*Id*.)

On April 4, 2025, Plaintiff lodged a proposed second amended complaint. (ECF No. 63). The proposed second amended complaint seeks to allege "[s]upervisor defendants failed to ensure policies and training to prevent harm." (*Id*. at p. 2). Plaintiff also seeks to add unnamed defendants, including "Defendants John and Jane Does 1-10" who "are unknown medical personnel, correctional officers, and supervisory staff responsible for the unconstitutional acts and omissions described herein," and "Defendant Supervisory Personnel, including the Chief Medical Officer," who "failed to properly train, supervise, or implement policies to prevent unconstitutional medical neglect." (*Id*. at p. 2-3).

Plaintiff also seeks to add two additional claims for violation of due process and supervisory liability. (ECF No. 63). For the due process claim, Plaintiff seeks to allege: "Plaintiff was deprived of necessary medical care without any meaningful process or opportunity to challenge his treatment. Defendants' actions resulted in extreme pain, infection, and unnecessary suffering, depriving Plaintiff of his liberty interest in receiving adequate medical care." (*Id*. at p. 4). For supervisory liability, Plaintiff seeks to allege: "Supervisory Defendants implemented policies or practices that directly caused Plaintiff's injuries. The failure to properly train, supervise, or intervene in medical care violations resulted in deliberate indifference under Starr v. Baca, 652 F. 3d 1202 (9th Cir. 2011)." (*Id*. at p. 5).

On April 16, 2025, Defendant filed an opposition to Plaintiff's motion for leave to amend the complaint. (ECF No. 64). Defendant Green argues that Plaintiff's proposed amendment is futile because the Court's first screening order found that Plaintiff's allegations regarding supervisory liability and due process violations were insufficient to state a claim, and Plaintiff's proposed amendment is similarly deficient.

Plaintiff filed a reply brief on May 1, 2025. (ECF No. 65). Plaintiff argues his proposed amendment is not futile and sufficiently alleges a claim for supervisory liability and a

4

claim for a due process violation. Plaintiff also argues the motion was made in good faith and asserts that he "acted promptly upon discovering facts supporting his claims." (*Id*. at p. 3).

### III.     LEGAL STANDARD

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend is in the discretion of the Court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); *see also Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (citation omitted).

"Although leave to amend 'shall be freely given when justice so requires,' Fed.R.Civ.P. 15(a), it 'is not to be granted automatically.'" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citations omitted). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999). "Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Sols., Inc.,* 194

F.3d 980, 986 (9th Cir. 1999) (citations omitted); *See also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (an eight-month delay from time of obtaining facts until filing amended complaint is unreasonable) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

## IV.   ANALYSIS

The Court recommends denying Plaintiff's motion for leave to file a second amended complaint.

The Court has examined the factors relevant to whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint.

As an initial matter, the Court finds no evidence of bad faith by the Plaintiff.

However, the Court does find undue delay.  The Court issued its screening order with leave to amend on January 23, 2023, more than two years ago.  Plaintiff chose to stand on his complaint at that time, and then later filed an amended complaint including only his Eighth Amendment claim against Defendant Green.

Indeed, Plaintiff's Second Amended Complaint concedes that it is a belated response to the Court's February 23, 2023 order, stating:
> On February 23, 2023, the Court issued an order dismissing all supervisory defendants without prejudice and allowing only Plaintiff's Eighth Amendment deliberate indifference claim against Dr. Green to proceed. . . . Plaintiff submits this First [sic] Amended Complaint to correct the deficiencies noted by the Court and to clarify the basis for liability against the dismissed supervisory personnel and John/Jane Doe defendants.

(ECF No. 62, at p. 5).

Furthermore, although Plaintiff's motion argues that he "acted promptly upon discovering facts supporting his claims," (ECF No. 65, at p. 3), Plaintiff's proposed second amended complaint relies on the same or similar allegations included in the initial complaint filed on April 26, 2022.  Plaintiff's motion does not identify any facts that he discovered since that time related to the newly named defendants and claims.

\\\

The Court also finds that amendment at this late stage in the case would be prejudicial to the opposing party, Defendant Green. This case has already proceeded through discovery and summary judgment. Adding new defendants and claims would prejudice Defendant Green by substantially delaying resolution to this case. The new defendants would need to be served and given an opportunity to participate in discovery and dispositive motions. Indeed, because Plaintiff is seeking to add Doe defendants, those defendants would need to be identified and substituted before they could even be served and included in this case.

Plaintiff's motion for leave to amend is also futile because his new claims for supervisory liability and violation of the due process clause are deficient largely for the same reasons that were identified by the Court in the first screening order. For supervisory liability, Plaintiff alleges that "[s]upervisory personnel failed to ensure adequate policies, oversight, and medical care for incarcerated individuals experiencing medical emergencies." (ECF No. 63, at p. 3). He also alleges that the Chief Medical Officer, Medical Director, Warden and John and Jane Doe defendants were responsible for various policies that permitted unconstitutional delays and "actively participated in delaying Plaintiff's treatment and failing to provide necessary care." (ECF No. 63, at p. 6). However, Plaintiff's second amended complaint does not include any facts supporting these general allegations of unconstitutional policies or active participation. It also does not support any causal link between any such policies and Plaintiff's specific medical treatment. Moreover, vicarious liability is inapplicable to § 1983 suits, and "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'").

Similarly, Plaintiff's second amended complaint again fails to allege facts sufficient to state a claim for due process violations. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke

its procedural protection must establish that one of these interests is at stake. A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' . . . or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted); *see also Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022) ("'A section 1983 claim based upon procedural due process . . . has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process.'").

Plaintiff's allegations as to this claim are also conclusory. Plaintiff only alleges that he was "deprived of necessary medical care without any meaningful process or opportunity to challenge his treatment." (ECF No. 63, at p. 4). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff does not identify any process he believes he was entitled to receive before receiving, or failing to receive, medical treatment.

Therefore, Plaintiff's proposed claims for supervisory liability and due process violations fail to state a claim and the proposed amendment is futile.

Finally, Plaintiff has previously amended his complaint following the Court's screening order. (ECF No. 23). And despite the Court's screening order, Plaintiff chose not to include claims against supervisory defendants, nor a claim for violation of due process, in that first amended complaint.

Thus, after consideration of the relevant factors, the Court recommends denying Plaintiff's motion for leave to file a second amended complaint.

V. **CONCLUSION AND RECOMMENDATION**

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for leave to file a second amended complaint (ECF No. 62) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 5, 2025**           /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE