UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER R. REID,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BARRY GREEN,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-00549-KES-EPG (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>**Settlement Statements due: October 6, 2025**<br><br>**Settlement Conference: October 9, 2025, at 10:00 AM**<br><br><u>Clerk of the Court to Serve Litigation Coordinator</u> |

Plaintiff Walter R. Reid is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. In light of Court's order setting settlement conference (*see* Doc. 71), the case has been referred to Magistrate Judge Christopher D. Baker to conduct a **settlement conference on October 9, 2025, at 10:00 a.m.** The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference. The Court will issue the necessary writ in due course. The Zoom settlement conference invitation will be distributed by the Court to the parties the week prior to the conference date.[1] The Court has reserved the entire day for this settlement conference and expects the parties will proceed with the

---

[1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Cori Boren, Courtroom Deputy for Judge Baker, at CBoren@caed.uscourts.gov.

settlement conference in good faith and attempt to resolve all or part of the case. If any party believes that the settlement conference will not be productive, that party shall so inform the court no less than three (3) days in advance of the settlement conference.

Unless otherwise permitted in advance by the Court, the following individuals must attend the settlement conference: (1) all of the attorney(s) who will try the case; and (2) individuals with full authority to negotiate and settle the case, on any terms. *See* Local Rule 270(f).

**No later than October 6, 2025**, each party must submit to Judge Baker's chambers at CDBorders@caed.uscourts.gov a confidential settlement conference statement. Plaintiff shall mail his statement, clearly captioned "Confidential Settlement Conference Statement," to United States District Court, Attn: Magistrate Judge Christopher D. Baker, 510 19th Street, Suite 200, Bakersfield, CA 93301. Once the parties have submitted their statements, they shall file a "Notice of Submission of Confidential Settlement Conference Statement" with the Court. These statements should neither be filed on the docket nor served on any other party.

In compliance with Local Rule 270(d)-(e), the settlement statements will be used exclusively by Judge Baker to prepare for and conduct the settlement conference and not for any other purpose. If applicable, the statements should be marked "CONFIDENTIAL." *See* Local Rule 270(d).

The statements should not exceed ten (10) pages and must include:

(1) a brief recitation of the facts;

(2) a discussion of the strengths and weaknesses of the case, including the party's position on the factual and legal issues and brief review of the evidence to support that party's factual position;

(3) an itemized estimate of the expected costs for further discovery, pretrial, and trial matters, in specific dollar terms;

(4) the party's best estimate of the probability that it will prevail should this case proceed to trial;

(5) the party's best estimate of the damages or relief plaintiff may recover should this case proceed to trial and plaintiff prevail (in specific dollar terms and/or injunctive relief, if applicable);

(6) a history of settlement discussions (including a listing of any current settlement offers from any party, in specific dollar terms), a candid statement of the party's current position on settlement, including **the amount that it will give/accept to settle** (in specific dollar terms), and a statement of the party's expectations for settlement discussions;

(7) a list of the individuals who will be attending the settlement on the party's behalf, including names and, if appropriate, titles.

At the outset of the settlement conference, the undersigned may call upon the parties' counsel and the party representatives to briefly discuss their expectations for the conference and other matters of mutual interest before the parties break into separate caucuses.

Notwithstanding the provisions of Federal Rule of Evidence 408, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

The Clerk of the Court is directed to additionally serve a courtesy copy of this Order via email on the Litigation Coordinator at Plaintiff's current facility.

IT IS SO ORDERED.

Dated:   **September 18, 2025**

UNITED STATES MAGISTRATE JUDGE

3