UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER R. REID,<br><br>            Plaintiff,<br><br>    v.<br><br>BARRY GREEN,<br><br>            Defendant. | Case No. 1:22-cv-00549-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF No. 78). |

Plaintiff Walter R. Reid is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment claim against Defendant Green for deliberate indifference to his serious medical needs. (ECF No. 24).

Plaintiff now moves for the appointment of counsel, generally arguing that he does not have control over his finances because his sister is appointed as his power of attorney, the issues are complex, he is hearing impaired, and he has limited legal knowledge. (ECF No. 78).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may

request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of counsel at this time. The Court has reviewed the record in this case, and the Court is unable to conclude that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims *pro se*, as demonstrated by his recent ability to survive summary judgment. (ECF No. 66).

Accordingly, IT IS ORDERED that Plaintiff's second motion to appoint counsel is denied without prejudice. (ECF No. 78).[1]

IT IS SO ORDERED.

Dated:   **October 28, 2025**           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff may renew his motion for counsel, but should do so only after the case proceeds, such as after the trial date is confirmed at the pretrial conference with the District Judge.