UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER R. REID,<br><br>         Plaintiff,<br><br>   v.<br><br>BARRY GREEN,<br><br>         Defendant. | Case No. 1:22-cv-00549-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING THAT THE COURT APPOINT AN INDEPENDENT MEDICAL EXPERT<br><br>(ECF No. 84). |

**I.     INTRODUCTION**

Plaintiff Walter R. Reid is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment claim against Defendant Green for deliberate indifference to his serious medical needs, which claim generally stems from Green's alleged failure to properly treat Plaintiff's bladder infection. (ECF No. 24, p. 4).

Now before the Court is Plaintiff's motion requesting that the Court appoint an independent medical expert. (ECF No. 84). Plaintiff states that "Defendant Green has presented the Court with expert witness testimony starkly conflicting to the expert treatment and record keeping of Dr. Kandkhorova who plaintiff intends to call as a witness." (*Id.* at 1). Further, "Defendant's expert witness contest[s] the treatment and diagnosis of Dr. Kandkhorova without any physical examination made of plaintiff nor treatment for pain and injuries suffered." (*Id.*).

1

Plaintiff states that this "places the [C]ourt in an a[w]kward position in drawing an expert evaluation whether the extent of medical care provided was in fact necessary." (*Id.*).

Plaintiff concludes by stating that the jury will have to weigh three expert witnesses—Defendant Green, Dr. Kandkhorova, and Dr. Nguyen (presumably Defendant's expert)—and requests the appointment of an independent court-appointed expert under Rule 706(a) of the Federal Rules of Evidence. (*Id.* at 2).

On December 4, 2025, Defendant filed an opposition to the motion, arguing that "there are no complex issues that would justify the appointment of a neutral expert witness in this case, which primarily concerns the question of whether Plaintiff had an infection in his suprapubic catheter on October 21, 2017." (ECF No. 85, p. 2).[1]

## II.     LEGAL STANDARD

The Court "has the discretion to appoint an expert" pursuant to Rule 706(a). *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706(a) states as follows: "On a party's motion or on its own motion, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a).

"Rule 706 should be invoked only in rare and compelling circumstances." *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009). Court-appointed experts are typically used in complex litigation to assist the finder of fact. *See Walker*, 180 F.3d at 1071 (noting that the district court appointed an independent medical expert where medical testimony was not "particularly clear"); *see also Wilkins v. Barber*, 562 F.Supp.3d 943, 945 (E.D. Cal. 2021) ("[C]ourt-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand."). However,

---

[1] The Court does not believe a reply would be useful, and given the upcoming expert disclosure deadline of January 7, 2026, believes it prudent to issue an order on this motion now. (ECF No. 83). Accordingly, the Court has not waited the period for Plaintiff to file a reply brief.

independent experts are not appointed for the purpose of advocating for one party. *See Faletogo v. Moya*, No. 12CV631 GPC WMC, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) ("Rule 706(a) of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); *Brooks v. Tate*, No. 1:11-CV-01503 AWI, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013) (noting that "Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses").

### III.  ANALYSIS

The Court will deny Plaintiff's motion for an independent court-appointed medical expert.

Plaintiff argues that the Court should appoint an expert because Defendant Green intends to present expert testimony that calls into question the diagnosis of a witness in the case, Dr. Kandkhorova, despite the expert not conducting any physical examination or treatment of the Plaintiff. However, Plaintiff can cross-examine Defendant's expert at trial, and question the expert regarding the basis of his or her opinion and lack of any examination or treatment of Plaintiff. Moreover, Plaintiff has the ability to call Dr. Kandkhorova as a witness and question him or her regarding the basis for the diagnosis of Plaintiff. Plaintiff may also present argument to the jury why Dr. Kandkhorova's diagnosis was correct.

Further, Plaintiff has not demonstrated that the appointment of an independent expert is necessary in this case. This case is proceeding on a single claim against Defendant Green. The medical issues will be limited to Defendant Green's treatment of Plaintiff's bladder-related issues. This is not an unduly complicated case requiring the assistance of an expert witness to understand.

\\\
\\\
\\\
\\\
\\\

### IV. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's motion requesting that the Court appoint an independent medical expert is denied. (ECF No. 84).

IT IS SO ORDERED.

Dated:   **December 5, 2025**                         /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE