UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER R. REID,<br><br>                    Plaintiff,<br><br>          v.<br><br>CMO JASON NASH, et al.,<br><br>                    Defendants. | Case No.: 1:22-cv-00549-KES-EPG<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO SET ASIDE SETTLEMENT AGREEMENT**<br><br>(Doc. 108)<br><br><u>14-Day Objection Period</u> |

## I.      BACKGROUND

On March 18, 2026, the undersigned conducted a settlement conference in this action. (Doc. 106 [Minute Order].) The parties agreed to settle the matter and dispositional documents were to be filed within 45 days and "[a]ll other case management dates, conferences, and filing requirements" were vacated. (*Id*.)

On March 30, 2026, Plaintiff filed "Plaintiff's Motion to Set Aside Purported Settlement Agreement." (Doc. 108.) Defendant filed a response (Doc. 112) and Plaintiff replied (Doc. 113).

## II.      DISCUSSION

### A.  Summary of the Parties' Briefing

Plaintiff argues "no valid enforceable agreement was formed due to mistake, lack of mutual assent, and Plaintiff's hearing impairment, and because there was no meeting of the minds as to a material term-namely, the settlement amount." (Doc. 108 at 1.) Plaintiff states his belief

that the parties discussed "a settlement amount of approximately $27,000" and only learned later that Defendant contended "the agreement was for $2,750." (*Id*. at 2.) Plaintiff contends this "is not a minor discrepancy" and it goes "to the heart of the agreement." (*Id*.) He states he "suffers from a hearing impairment and uses a hearing aid, which directly contributed to this misunderstanding." (*Id*.) Plaintiff states he "believed the amount [of the settlement] was $27,500" and that the "$24,750 [sic] discrepancy demonstrates that the parties never agreed to the same material term." (*Id*. at 3.) Plaintiff states he "did not knowingly agree to $2,750" and "did not intentionally accept such a minimal settlement." (*Id*.) Plaintiff contends the "absence of a written agreement further demonstrates that no enforceable settlement exists" and that enforcing a settlement in the sum of $2,750 would be unjust. (*Id*. at 4.) He asks the Court to set aside "any purported settlement agreement," declare that an enforceable settlement agreement does not exist, allow this case to proceed to trial, and to grant "any other relief the Court deems just and proper." (*Id*. at 4-5.)

In opposition, Defendant contends this matter settled for $2,750 during the proceedings held March 18, 2026, and that the transcript of the proceedings confirms as much. (Doc. 112 at 2.) Defendant asserts the Court recited the terms of the agreement on the record and clearly references the sum of $2,750, and "noted that '[r]efusal to sign the settlement paperwork is not a reason to later rescind the settlement once" the proceedings concluded. (*Id*., emphasis omitted.) Thereafter, Plaintiff agreed to the terms as stated. (*Id*. at 3.) Defendant argues the transcript "establishes that despite any hearing impairment that Plaintiff may have, he was able to understand the terms" of the agreement, including the settlement sum of $2,750. Defendant maintains Plaintiff's assertion that there was no enforceable agreement "due to mistake or lack of mutual assent is meritless" and asks the Court to deny Plaintiff's motion. (*Id*.)

In reply, Plaintiff argues Defendant's reliance on the transcript of the proceedings is misplaced because "the transcript confirms that Plaintiff responded 'yes' to a general question, without any clear, explicit confirmation of the actual settlement amount." (Doc. 113 at 1.) Plaintiff contends that because he "suffers from a documented hearing impairment, his response cannot be construed as a knowing and voluntary acceptance of a materially different term." (*Id*. at

2

2.) He maintains there was "no meeting of the minds, no valid contract was formed, and enforcement must be denied." (*Id.*) As concerns a meeting of the minds, Plaintiff argues that because the Court "did not clearly restate the settlement amount as $2,000 [sic] at the moment of confirmation" after asking Plaintiff whether he "agreed to 'those terms,'" his "general affirmation is insufficient where the specific term was misunderstood." (*Id.* at 3.) Plaintiff repeats he suffers from a hearing impairment, uses a hearing aid, and "reasonably believed the amount discussed was approximately $27,500." (*Id.*) Plaintiff states he "misheard the actual amount" and did not "knowingly agree to a $2,750 settlement." (*Id.* at 4.) He argues the transcript of the proceedings demonstrates that the undersigned "did not isolate and confirm the specific dollar amount" and did not follow with "clarification ensuring Plaintiff heard and understood the figure." Plaintiff states there "was no accommodation or verification despite Plaintiff's impairment" and that he did not "later change his mind" but "never agreed to the same material term in the first place." (*Id.*) Next, Plaintiff asserts that because the record "establishes a clear factual dispute" concerning the settlement amount, the Court "must conduct an evidentiary hearing to determine" what he "actually heard," whether he knowingly assented, and whether a meeting of the minds existed. (*Id.* at 4-5.) Plaintiff maintains that enforcing the settlement of $2,750 "would result in extreme unfairness" and asks the Court to "[deny] Defendant's motion to enforce the settlement,"[1] or, alternatively, to conduct an evidentiary hearing and to "[g]rant any other relief" it deems "just and proper." (*Id.* at 5-6.)

### B. The Settlement Conference Proceedings

Following settlement proceedings conducted by the undersigned, the parties agreed to material terms of the settlement on the record, as follows:

> THE COURT: Good afternoon. We're on the record and we're convened for settlement conference. May I have the parties' appearances, please. [¶] Let's start with plaintiff. Sir, will you introduce yourself? [¶] Sir, can you hear me?
>
> MR. REID: Are you addressing me?

---

[1] Defendant did not file a motion to enforce the settlement agreement; rather, Defendant filed an opposition to Plaintiff's motion to set the agreement aside.

3

THE COURT: Yes, I am. Can you hear me?

MR. REID: Yes. I - - I didn't quite understand what you said.

THE COURT: Oh. Could you - - I've called the case, Mr. Reid, and I asked the parties to introduce themselves. If you can hear me and see me, can you introduce yourself, please.

MR. REID: Okay. Yes. Walter Reid, plaintiff in the case, CDC number, P, as in Paul, 68257.

THE COURT: All right. Good afternoon to you again, Mr. Reid.

[¶-¶]

THE COURT: … So the parties are joining via Zoom video conference. For the past couple of hours, we've been convened, off the record, for informal settlement discussions. I understand the parties have reached a settlement to resolve the case, and so what we're convened for now is to recite the terms of the agreement on the record. Let me recite those terms as I understand them, and then I will ask both parties to affirm whether they agree to those terms.

First, the parties have agreed to resolve this matter in its entirety and they do so freely and voluntarily. This settlement resolves all claims that were raised or could have bene raised, concerning the allegations in the lawsuit and any amendments against defendants whether named or unnamed, and whether served or unserved, and any past or current employees of CDCR.

Plaintiff releases and waives any unknown claims or harms arising out of the incidents referred to in the complaint and waives the application of Civil Code Section 1542.

This agreement will also resolve any rights on appeal. Defendant has denied plaintiff's allegations and nothing about the settlement may be construed as an admission of liability.

Defendant agrees to pay plaintiff the total sum of $2,750. In return, plaintiff agrees to dismiss this case with prejudice and will sign a voluntary dismissal with prejudice, that defendant's counsel will file with the Court. And plaintiff agrees to sign a settlement agreement and release [and] a payee data record form, which are terms of the settlement.

The parties shall bear their own costs and attorneys' fees. This is also a material term of the settlement.

Any settlement proceeds will be reduced by the deductions to cover administrative fees and any outstanding restitution balances and any other fees or costs owed by plaintiff. No representations are made concerning the amount of restitution or fees owed.

Payment can take up to 180 days. This 180-day period will begin when plaintiff completes and returns to the defendant's counsel all

4

necessary paperwork, which includes the settlement agreement, stipulation to voluntary dismissal with prejudice, and payee data record.

Defense counsel will prepare the settlement paperwork and email it to plaintiff's institution promptly for plaintiff to review and complete.

Refusal to sign the settlement paperwork is not a reason to later rescind the settlement once we have concluded here today. The stipulation for voluntary dismissal with prejudice will be filed within 45 days. All other deadlines and case management dates, including the upcoming pretrial conference and trial, will be vacated.

Those are the terms as I understand. Let me ask you first, Mr. Reid, are those the terms of the settlement and do you agree to those terms?

MR. REID: Yes.

THE COURT: And turning to you, Mr. Quinn, are those the terms of the settlement and do you agree to those terms?

[MR. QUINN]: Yes.

THE COURT: All right. As I mentioned, this is a binding settlement agreement. I want to congratulate both parties. I know you've both invested a significant amount of time in this case and effort. It's a testament to your adhering to my requests when we began informal discussions this morning; which is, be patient, listen, educate me, and be open to compromise. I appreciate your professionalism, and wish you the very best in all your future endeavors.

So we're concluded here, but before we are off the record, Mr. Reid, is there anything else on your behalf?

MR. REID: No, sir.

(Doc. 111 at 2-5.)[2]

## C.  The Applicable Legal Standards

The Court has inherent authority to enforce settlement agreements between the parties in cases pending before it. *See Metronet Servs. Corp. v. U.S. West Commc'ns*, 329 F.3d 986, 1013-1014 (9th Cir. 2003), *cert. granted and judgment vacated on other grounds*, *Quest Corp. v. Metronet Servs. Corp.*, 540 U.S. 1147 (2004); *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136-1138 (9th Cir. 2002). That authority extends to oral agreements. *Doi*, 276 F.3d at 1138; *see Woods v.*

---

[2] The docket entry is restricted; however, Defendant served Plaintiff with a copy of the Transcript as Exhibit A to the opposition. (*See* Doc. 112-2 at 1-7.)

*Carey*, No. 2:04-cv-1225 MCE AC P, 2015 WL 7282749, at *4 (E.D. Cal. Nov. 18, 2015), adopted, 2016 WL 11440086 (E.D. Cal. Jan. 15, 2016), aff'd, 715 Fed. App'x 694 (9th Cir. 2018). To enforce a settlement agreement, two elements must be satisfied. First, the settlement agreement must be complete. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *Doi*, 276 F.3d at 1137. Second, the settlement agreement must be the result of an agreement of the parties or their authorized representatives concerning the terms of the settlement. *See Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-1145 (9th Cir. 1977); *Doi*, 276 F.3d at 1137-1138. Once a party enters into a binding settlement agreement, that party cannot unliterally decide to back out of the agreement. *See, e.g.*, *Doi*, 276 F.3d at 1140; *Spitzer v. Aljoe*, 734 F. App'x 457, 459 (9th Cir. 2018); *Gastile v. Virga*, No. 2:11-cv-2829-JAM-EFB, 2015 WL 13065433, at *2 (E.D. Cal. Feb. 10, 2015), adopted, 2015 WL 13065220 (E.D. Cal. June 10, 2015), aff'd, 670 F. App'x 526 (9th Cir. 2016).

In *Doi*, an employee filed a discrimination lawsuit against her employer. *Doi,* 276 F.3d at 1134. The parties entered into settlement negotiations, and the district court facilitated discussions that ultimately bore a settlement agreement. *Id.* The settlement agreement required the employee to release all claims against the employer and to execute a stipulation dismissing the action with prejudice. *Id.* In open court, the parties announced that they had reached a settlement and placed the terms of the settlement on the record. *Id.* The attorney for the employer recited the terms of the settlement, and the attorney for the employee assented to the terms. *Id.* The court then asked the employee, "The terms, as stated right now, do you agree to those? . . . You do agree?" *Id.* The employee responded, "Yeah." *Id.*

Within two days of reaching the agreement and placing it on the record, the employee refused to execute the release and the stipulation to dismiss and proposed new settlement terms inconsistent with those placed on the record. *Doi,* 276 F.3d at 1135. The employer moved to enforce the settlement agreement and for sanctions in the form of attorney fees. *Id.* The district court granted the motion, awarded a sanction of $1,000, and entered judgment dismissing the case with prejudice. *Id.* at 1136. The employee appealed, arguing, among other things, that she did not enter into any binding settlement agreement because she did not actually intend to be bound until

6

there was a writing. *Id.* at 1136-37. The Ninth Circuit affirmed the district court's decision. *Id.* at 1141. The Court reasoned:

> In this case, however, the settlement was negotiated in off-the-record discussions with the court. The parties then went into open court and announced that there was a settlement. The settlement contained agreement as to all material terms, which terms were put on the record. And in response to direct questioning by the court, Doi stated that she agreed with the terms. Unlike in *Ciaramella*, then, there was no need for the court to engage in factual inquiries to determine whether Doi agreed to be bound by the terms of the agreement. Any question as to Doi's intent to be bound was answered when she appeared in open court, listened to the terms of the agreement placed on the record, and when pressed as to whether she agreed with the terms, said "yeah."

*Id.* at 1137-38 (footnote omitted) (comparing the facts in *Doi* to those in *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320 (2d Cir. 1997)). The Ninth Circuit also explained that: "At a time where the resources of the federal judiciary... are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits [him]. The courts spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation." *Doi*, 276 F.3d at 1141.

### D. Plaintiff May Not Rescind His Agreement to Settle This Action

Applying the relevant legal standards, the Court recommends denying Plaintiff's motion to set aside the settlement agreement.

Here, as in *Doi*, the settlement was negotiated in off-the record discussions with the Court. (Doc. 111 at 2, 3.) The parties then went on the record and the Court indicated a settlement on material terms had been reached. (*Id*. at 3-5.) The Court recited the materials terms, including Defendant's agreement "to pay plaintiff the total sum of $2,750" and that in exchange for said payment Plaintiff agreed to sign the settlement agreement and payee data form, and to voluntarily dismiss the case with prejudice. (*Id*. at 4.)

Plaintiff expressly agreed to the material terms as recited by the Court. Here, like *Doi*, the settlement agreement contained the material terms placed on the record and Plaintiff agreed to those terms; thus, the parties had (and have) a binding oral agreement. *Doi*, 276 F.3d at 1136-

7

1138.

To the extent Plaintiff contends he misunderstood the amount of the settlement, his contention lacks merit. Following the parties' appearances, the undersigned stated he would recite the material terms as he understood then and then "ask both parties to affirm whether they agree to those terms." (Doc. 111 at 3:7-11.) Immediately thereafter, the Court covered about nine material terms, briefly summarized as follows: (1) parties voluntarily settling all claims; (2) Plaintiff waives any unknown claims or harms; (3) settlement resolves any rights on appeal; (4) Defendant agrees to pay $2,750/Plaintiff to dismiss with prejudice; (5) parties to bear own costs and fees; (6) settlement to be reduced by administrative fees/outstanding restitution; (7) payment may take 180 days; (8) defense counsel to prepare settlement documents; (9) refusal to sign paperwork is not a reason to rescind settlement/dismissal due in 45 days/other deadlines and dates vacated. (*Id*. at 3:7-5:3.) The Court then turned to Plaintiff and asked, "are those the terms of the settlement and do you agree to those terms?" (*Id*. at 5:5-6.) Plaintiff responded, "Yes." (*Id*. at 5:7.) The transcript makes clear that the Court advised the parties it would recite the material terms before asking for any party's agreement. Immediately after doing so, the Court inquired of the Plaintiff whether those terms were accurate and whether he agreed to them. Plaintiff answered affirmatively. Hence, Plaintiff's argument that he responded to a general question or general affirmation requiring clarification is not well taken. There was nothing "general" about the terms recited; the Court was specific and plainly referenced the sum of $2,750. *See, e.g.*, *Fields v. Sanchez*, No. 1:22-cv-01122-KES-CDB, 2025 WL 1924538, at *1, 5-6 (E.D. Cal. July 14, 2025) (finding "Plaintiff expressly agreed to the material terms as recited by defense counsel" and recommending Plaintiff's motion to rescind be denied and Defendants' motion to enforce be granted), adopted, 2025 WL 2523198 (E.D. Cal. Sept. 2, 2025); *Jackson v. Khalib*, No. 1:20-cv-01567-NODJ-SKO (PC), 2024 WL 95331, at *5 (E.D. Cal. Jan. 9, 2024) (recommending motion to rescind the settlement agreement be denied where the plaintiff expressly agreed to the material terms as recited by the Court, which, "like *Doi*," resulted in a "binding oral agreement;" noting "[a]ny question as to Plaintiff's intent to be bound by the terms of the agreement were answered when Plaintiff appeared via Zoom videoconferencing, listened to the material terms of the

agreement placed on the record, and responded, 'Yes, ma'am' when the Court asked if he agreed with those terms"), adopted as modified, 2024 WL 811695 (E.D. Cal. Feb. 27, 2024); *Q.P. v. Long Beach Unified Sch. Dist.*, No. CV 07-5937 GAF (JTLx), 2008 WL 11343021, at *2 (C.D. Cal. June 6, 2008) (granting motion to enforce settlement agreement and stating: "Whatever their subjective intentions or beliefs may have been as they recited the terms of the agreement before Judge Lu, they objectively manifested the agreement on material terms that resolve this case. The outward manifestation of their mutual assent is controlling").

Significantly, while Plaintiff apparently did not realize the Court was addressing him in the very beginning of the hearing or did not hear the inquiry due to his hearing impairment, the Court ensured Plaintiff could "hear and see" the undersigned before the material terms and the settlement amount were even recited; Plaintiff agreed he could hear and see. (Doc. 111 at 3:11-21.) And after indicating he could hear the undersigned, Plaintiff did not express any further difficulty (*see* generally, Doc. 111). *See Fields*, 2025 WL 1924538, at *1, 5-6 (notwithstanding the plaintiff's contention he was "under duress," in pain and "under poor judgment," the court found "Plaintiff did not indicate any reticence or discomfort, physical or otherwise, during the proceedings in open court"); *see also Drake v. Gonzales*, No. 1:17-cv-01500-KES-SAB (PC), 2026 WL 158637, at *3 (E.D. Cal. Jan. 21, 2026) (enforcing settlement agreement where the plaintiff "expressly agreed to the material terms as recited" and :never mentioned on the record that he was suffering from post-traumatic stress disorder which affected his ability to comprehend the proceedings or understand the terms of the agreement."); *Ortiz v. Alvarez*, No. 1:15-cv-00535-DAD-EPG, 2018 WL 1603847, at *6 (E.D. Cal. Apr. 3, 2018) (recommending enforcement of settlement agreement; acknowledging Villanueva's argument in opposition to a motion to enforce the settlement agreement that "he was confused and could not hear," and noting "Mr. Villanueva manifested no opposition to the agreement when asked on the record whether he understood and asserted to its term" and that the "record does not reflect that his wife manifested any opposition to the agreement or indicated to anyone that Mr. Villanueva was confused or could not hear"), adopted, 2018 WL 3472715 (E.D. Cal. July 18, 2018); *Young v. Lacy*, No. 1:17-03633, 2020 WL 6471034, at *3 (S.D. W. Va. Nov. 3, 2020) (denying the plaintiff's motion to retain case after

9

settlement proceedings, noting that "although plaintiff asked the court to repeat itself during one point in the hearing, there is no indication that he did not hear well enough to understand and agree to the terms of the settlement").

Notably too, there is a significant difference in the auditory renditions of the sum of $2,750 and the "$27,000" or "$27,500" Plaintiff alleges was the agreed settlement sum. When stated orally, "two thousand seven hundred and fifty dollars" bears no resemblance to "twenty-seven thousand dollars" or "twenty-seven thousand five hundred dollars." Moreover, as noted by the Court at the commencement of the hearing, the parties had been meeting "[f]or the past couple of hours" before going on the record. (*See* Doc. 111 at 3:5-6.)[3] It is implausible to believe that Plaintiff misunderstood or misheard the settlement amount throughout or during the two hour long off-the-record proceedings.

To the extent Plaintiff argues there is no settlement because he did not execute a settlement agreement, he is mistaken. The Ninth Circuit in *Doi* held that the terms of a settlement that have been placed on the record in open court before a judicial officer are enforceable even if the litigants anticipated putting those terms in a formal written document to be signed by all parties. *Doi*, 276 F. 3d at 1137-40. And to the extent Plaintiff contends an evidentiary hearing is necessary, the Court finds to the contrary. *Id.* at 1139 (there is no need for an evidentiary hearing on the existence or terms of a settlement agreement when it is entered into on the record in open court).

In sum, the settlement agreement was complete, and the parties agreed to the material terms of the settlement on the record, and Plaintiff may not unilaterally back out of the agreement. *Doi*, 276 F.3d at 1137-38, 1140; *Harrop*, 550 F.2d at 1144-45; *Maynard*, 37 F.3d at 1401. Plaintiff agreed to dismiss this action with prejudice in exchange for the sum of $2,750 and a waiver of any claims he may have against Defendant. Thus, Plaintiff's motion to set aside the settlement agreement should be denied. *Doi*, 276 F.3d at 1140 ("An agreement announced on the record becomes binding even if a party has a change of heart after he agreed to its terms, but

---

[3] The settlement conference began at 10:00 a.m. (*See* Doc. 96.) The Court went on the record at 12:18 p.m. (*See* Doc. 111 at 2.)

10

before the terms are reduced to writing").

### III.   CONCLUSION AND RECOMMENDATIONS

Accordingly, for the reasons given above, the undersigned **HEREBY RECOMMENDS** that:

1.  Plaintiff's motion to set aside the settlement agreement (Doc. 108) be **DENIED**;

2.  The terms of the settlement are as reflected in the written settlement agreement as originally prepared by Defendant;

3.  The settlement be construed with an effective date of the date of the order adopting these Findings and Recommendations, such that all deadlines in the agreement will run from that date; and

4.  The Court retain jurisdiction over the settlement agreement in any dismissal order.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded upon review of these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 30, 2026**

UNITED STATES MAGISTRATE JUDGE

11